UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMILIANO SARMIENTO SIOCHI<br>    Plaintiff | : <br> : <br> : | |
| v. | : <br> : | 3:10-cv-189 (WWE) |
| ERIC H. HOLDER, JR., United States Attorney General; JANET NAPOLITANO, Secretary of DHS; ALEJANDRO MAYORKAS, Director of USCIS; M. FRANCES HOLMES, Director, Buffalo District Office, USCIS; ETHAN ENZER, Officer in Charge, Hartford Sub-Office; and ROBERT S. MUELER, III, Director of the F.B.I.<br>    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Emiliano Sarmiento Siochi brings this action respecting his Application for Naturalization, Form N-400, pursuant 8 U.S.C. § 1447(b). Now pending before the Court is defendants' Motion to Dismiss the Complaint (Doc. #6). For the following reasons, and absent objection, defendants' motion will be granted.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true. Because defendants' motion is made under Federal Rule of Civil Procedure 12(b)(1), the Court will also review defendants' factual assertions.

Plaintiff Siochi is a native and citizen of the Philippines who has been a Lawful Permanent Resident of the United States since May 3, 1993. He presently lives in West Haven, Connecticut. He alleges that he has never been arrested or involved in

1

criminal or terrorist activities.

Plaintiff filed a Form N-400 Application for Naturalization on December 7, 2006. He was fingerprinted first on February 3, 2007 and then again on June 3, 2008.  He was interviewed and examined on October 1, 2008 by an officer from the United States Citizenship and Immigration Services ("USCIS").  He was scheduled for a third biometrics appointment on November 12, 2008.  Further, he passed English, United States History and government examinations.

Plaintiff contacted the USCIS on March 11, 2008 to inquire on the status of his application.  On April 30, USCIS responded that plaintiff's file had been requested for review.  On January 15, 2009, plaintiff again contacted USCIS to inquire about his application.  On January 26, plaintiff was informed that his case was "currently under review."

Plaintiff asserts that defendants have had sufficient time to complete the necessary background checks.  He seeks an order adjudicating his application for naturalization and awarding attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

According to defendants' submissions, defendants issued a decision on plaintiff's application on January 7, 2009.  This decision was mailed to an incorrect address.  On February 10, defendants reissued the decision and sent it certified mail, return receipt requested to plaintiff.  Plaintiff, however, never claimed his mail. Following the filing of this complaint, counsel for defendants forwarded a copy of the decision to plaintiff's counsel.

**DISCUSSION**

A case is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court possesses neither the statutory nor the constitutional power to adjudicate it.  Alkeylani v. Dep't. of Homeland Security, 514 F. Supp. 2d 258, 261 (D. Conn. 2007); see also Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists.  The court should not draw argumentative inferences in plaintiff's favor.  Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd., 968 F.2d 196, 198 (2d Cir. 1992).  The court may consider evidence outside the pleadings.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When a case is moot, the court is divested of subject matter jurisdiction due to the lack of case or controversy.  Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005); Okoloji v. Chertoff, 2007 U.S. Dist. LEXIS 45992, *4 (D. Conn. June 25, 2007).

Because defendants made their decision as to plaintiff prior to the commencement of this case, there was never any live controversy upon which subject matter jurisdiction could have vested.  Cases finding jurisdiction following the USCIS's determination of the plaintiff's application are easily distinguishable insofar as the decisions on the application were issued prior to the filing of the complaints or petitions.  See, e.g., United State v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (holding that court retains exclusive jurisdiction under section 1447(b) after complaint is filed in federal court); Perry v. Gonzales, 472 F. Supp. 2d 623, 630 (D.N.J. 2007) (distinguishing

<u>Hovsepian</u> and finding that court has concurrent jurisdiction along with USCIS). In this case, the Court does not have jurisdiction to adjudicate any dispute and will grant defendants' motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Doc. #6). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 25th day of May, 2010.

                                                  /s/
                                      Warren W. Eginton
                                      Senior United States District Judge